UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


DAVID J. TOMPKINS,                          )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )          3:07-CV-75
                                            )          (VARLAN/GUYTON)
MICHAEL J. ASTRUE,                          )
Acting Commissioner                         )
of Social Security,                         )
                                            )
                Defendant.                  )


## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule

72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's Motion For

Reversal or Remand [Doc. 10], and the defendant's Motion For Summary Judgment. [Doc. 11].

Plaintiff David J. Tompkins seeks judicial review of the decision of the Administrative Law Judge

("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1.      The claimant meets the nondisability
> requirements for a period of disability and
> Disability Insurance Benefits set forth in
> Section 216(i) of the Social Security Act and
> is insured for benefits through December 31,
> 2003.

2. Based on the record as it currently stands, the Administrative Law Judge cannot find that the claimant has engaged in substantial gainful activity since November 15, 2000.

3. The claimant's History of Bipolar Disorder - most recent phase depressed; History of Alcohol Dependance - in remission; History of Polysubstance Abuse - remission; Tobacco Abuse Disorder; History of Lumbar Disc Herniation at L4-5; and Degenerative Disc Disease of the Lumbar Spine are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; is limited to tasks requiring no more than occasional bending, stooping, squatting, or reaching; and requires the ability to sit and stand at will for comfort. Assuming he maintains sobriety, he has the ability to sustain work activity consistent with unskilled, entry-level tasks.

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant is a "younger individual between the ages of 45 and 49" (20 C.F.R. §§ 404.1563 and 416.963).

9. The claimant has a "high school equivalent education" (20 C.F.R. §§ 404.1564 and 416.964).

10. The claimant has no transferable skills (20 C.F.R. §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. §§ 404.1567 and 416.967).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.20 as a framework for decision making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs were identified and enumerated by a vocational expert.

13. The claimant was not "disabled" as defined in the Social Security Act, at any time through December 31, 2003, the date last insured or through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. 22-23).

Judicial review of a final decision of the Commissioner of Social Security is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Commissioner of Social Security, 402 F.3d 591, 595 (6th Cir. 2005).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff argues that the ALJ erred in finding that he retained the residual functional capacity to perform a significant range of light work, because the ALJ: (1) failed to fully evaluate plaintiff's mental impairments; (2) did not fully consider the effect of pain; (3) did not make any reference to the record to explain plaintiff's residual functional capacity; and (4) failed to obtain information from the vocational expert on the effects of plaintiff's mental limitations on the ability to work.

The Commissioner asserts that substantial evidence supports the ALJ's residual functional capacity finding for light work[1]. The Commissioner argues that this finding was consistent with the opinions rendered by the doctors in the record, and further, that the doctor who performed the neurosurgical evaluation did not impose any limitations. As for mental limitations, the Commissioner argues that the ALJ reasonably relied on the opinion of Dr. Schacht that the plaintiff had only slight limitations in his ability to perform all mental work-related activities.

_____

[1]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. §§ 404.1567(b) and 416.967(b).

Plaintiff has the burden of proving his entitlement to benefits. <u>Boyers v. Secretary of Health and Human Services</u>, 46 F.3d 510, 512 (6th Cir. 1994) (citing <u>Halsey v. Richardson</u>, 441 F.2d 1230 (6th Cir. 1971)).

The Court finds that in the present case the plaintiff has not met his burden, for several reasons. First the medical opinions support the ALJ's residual functional capacity finding for light work. Dr. Jeffrey Summers, a consultative examiner, and the state agency reviewing physicians agreed that plaintiff could perform light work (Tr. 301, 320-27, 378-83), and they provided the ALJ with well-supported opinions. 20 C.F.R. § 416.927(f)(2)(i) ("state agency medical and psychological consultants are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation"). <u>Rice v. Barnhart</u>, 384 F.3d 363, 370 (7th Cir. 2004) (ALJ is entitled to rely on the opinions of state agency doctors).

Dr. Robert Davis, who performed a neurosurigical evaluation, made mainly normal findings. He advised plaintiff to pursue activities as tolerated, and he did not impose any limitations (Tr. 512-514). <u>See</u> <u>Longworth v. Commissioner of Social Security</u>, 402 F.3d 591, 596 (6th Cir. 2005) ("Moreover, Dr. Holloway imposed no restrictions on lifting and prescribed only physical therapy. . . [A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").

With regard to the plaintiff's mental limitations, Dr. Thomas Schacht concluded that plaintiff had only "slight" limitations in his ability to perform all mental work-related activities (Tr. 502-04). The ALJ reasonably relied on this opinion, which was supported by the record evidence, and Dr. Schacht's explanation for his opinion (Tr. 505-11). <u>See</u> 20 C.F.R. § 404.1527(d)(3) ("The

better an explanation a source provides for an opinion, the more weight we will give that opinion"). Dr. Schacht noted that all of plaintiff's earlier hospitalizations from late 2000 through early 2002 were associated with extraordinary stressors and/or a combination fo substance abuse and noncompliance with medications (Tr. 508). Dr. Schacht observed that plaintiff consistently experienced improvement once he received treatment, stopped abusing drugs and alcohol, and started taking his medications (Tr. 508). The Commissioner correctly argues that the evidence from the three-year-period from March 2002, the date of plaintiff's last hospitalization, through May 2005, the date of the ALJ's decision, showed a marked improvement in plaintiff's functioning, despite his minimal treatment. The evidence from this period also showed no substance abuse and compliance with medications (Tr. 350-51, 425-28, 471-74).

The plaintiff, however, argues that the ALJ should have adopted the findings from Dr. Steve Goudelock and consultative examiner Dr. Jodi Castellani. The Commissioner argues that the opinions of Dr. Goudelock and Dr. Castellani were not consistent with the record evidence (Tr. 20). The Commissioner's argument is persuasive. The ALJ noted that Dr. Goudelock rendered his opinion shortly after plaintiff's March 2002 hospitalization, which occurred after plaintiff had stopped taking his medications and had experienced a drinking relapse (Tr. 20). Subsequent evidence documented no relapses, episodes of decompensation, hospitalizations, or need for urgent treatment. After plaintiff's March 2002 hospitalization, he functioned well and required minimal treatment. The plaintiff saw Dr. Goudelock infrequently for medication management. Moreover, Dr. Goudelock consistently noted that plaintiff was doing well; he generally documented plaintiff's calm psychomotor behavior, cooperative attitude, euthymic mood, good range of affect, logical

6

thoughts, and no suicidal ideation (Tr. 425-28, 471-74). Therefore, the Court finds that the ALJ reasonably did not credit Dr. Goudelock's opinion, but assigned greater weight to the opinion of Dr. Schacht. Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 287 (6th Cir. 1994) (physician opinions must be adequately supported by medical findings and consistent with evidence overall).

Dr. Castellani found that plaintiff was moderately limited in his ability to understand and remember, sustain concentration and persistence, and interact socially, and severely limited in his ability to adapt (Tr. 480-82). The Court agrees with the Commissioner, however, that Dr. Castellani's opinion was based on plaintiff's subjective complaints, and plaintiff's complaints were not supported by the objective medical evidence. For example, while plaintiff told Dr. Castellani that he experienced depression, anxiety, and extreme mood swings about four times per year (Tr. 477), the record shows that after plaintiff stopped abusing drugs and alcohol and became compliant with his medications, he functioned well. In this regard, the Commissioner correctly notes that after his March 2002 hospitalization, plaintiff's treatment consisted of seeing Dr. Goudelock about three times per year; he admitted that he did not attend therapy and he did not require any hospitalizations or unscheduled treatment. No doctor documented any episodes of decompensation or mood swings. As such, the ALJ reasonably did not credit Dr. Castellani's opinion, as it was based on a one-time examination of plaintiff and it proved inconsistent with the substantial medical evidence (Tr. 22).

Plaintiff argues that the ALJ did not fully consider the effect of pain, or find the plaintiff completely credible on this issue. He claims that the ALJ minimized plaintiff's pain complaints, overstated the import of daily activities, and failed to consider the side-effects of

7

plaintiff's medications. The ALJ concluded that the objective medical evidence did not support plaintiff's allegations of disabling pain, because this evidence revealed few abnormal examination findings. Doctors generally documented plaintiff's decreased sensation, but normal gait, normal strength, symmetrical reflexes, and negative straight leg raise test (Tr. 216-17, 300-01, 394, 403, 514). See Crouch v. Secretary of Health and Human Servs., 909 F.2d 852, 856-57 (6th Cir. 1990) (absence of significant neurological deficits did not support allegations of disabling pain). Plaintiff sought infrequent treatment for his complaints of back pain. He was treated conservatively with medications, physical therapy, epidural steroid injections, and a back brace, and he did not require any aggressive treatment. The ALJ also considered plaintiff's abilities and daily activities (Tr. 18-20, 22). For example, plaintiff's walking for exercise, his work at a cabin rental business, drywall work and farm work (Tr. 577-78; 18, 20, 117, 123, 125). Given this record evidence, the Court concludes that the ALJ reasonably did not credit plaintiff's complaints of disabling pain.

The ALJ concluded that a significant number of light work jobs, with the plaintiff's restrictions on bending, stooping, squatting, or reaching, existed in the national economy (Tr. 22). The ALJ's findings are supported by the vocational expert's testimony (Tr. 594-95). Cline v. Commissioner of Social Security, 96 F.3d 146, 149-50 (6th Cir. 1996) (vocational expert's testimony meets Commissioner's burden at step five of the sequential evaluation).

The vocational expert, Jane Hall, did testify, however, that plaintiff could not sustain any type of work if his allegations were credible, or if the limitations suggested by Drs. Goudelock and Castellani were adopted (Tr. 595-97). The ALJ did not find these limitations or plaintiff's complaints fully credible, and he disregarded the testimony (Tr. 22). See Casey, 987 F.2d at 1235

8

("It is well-established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible."). The Court finds that the ALJ's hypothetical question accurately portrayed the limitations supported by the evidence, and the vocational expert's response provided substantial evidence to support the ALJ's finding that plaintiff could perform a significant number of light work jobs.

Accordingly, the Court finds that the ALJ properly reviewed and weighed all of the medical source opinions, the objective medical findings, and plaintiff's credibility to determine that he could perform a range of light work. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[2] that the plaintiff's Motion For Reversal or Remand [Doc. 10] be **DENIED** and that the Commissioner's Motion For Summary Judgment [Doc. 11] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).